BOBBIE R. BAILEY, SBN 159663
bbailey@leaderberkon.com
EDWARD MARTINOVICH, SBN: 237844
emartinovich@leaderberkon.com
LEADER BERKON COLAO & SILVERSTEIN LLP
550 South Hope Street, Suite 1850
Los Angeles, CA 90071
Telephone: (213) 234-1750
Facsimile:  (213) 234-1747

Attorneys for Plaintiff
**BASF CORPORATION**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASF CORPORATION,<br><br>Plaintiff,<br><br>-against-<br><br>LSM LLC d/b/a FIX APPLE VALLEY and LUIS PARTIDA,<br><br>Defendants. | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>CIVIL ACTION NO._____ |

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned defendants LSM LLC d/b/a Fix Apple Valley ("Body Shop") and Luis Partida ("Partida") (collectively "Defendants") alleges as follows:

//

//

**COMPLAINT AND DEMAND FOR JURY TRIAL**

## THE PARTIES

1. BASF is a citizen of the States of Delaware and New Jersey. BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2. Body Shop is a California limited liability company with its principal place of business at 13399 Malaki Road, Apple Valley, CA 92308. Based on Body Shop's filings with the California Secretary of State and BASF's dealings with Body Shop, Body Shop's sole member is Partida.

3. Body Shop's registered agent on file with the California Secretary of State is Partida, with a service address of 13399 Malaki Road, Apple Valley, CA 92308.

4. Partida is an individual and a citizen of the State of California and may be personally served at 13399 Malaki Road, Apple Valley, CA 92308.

5. BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products"). BASF resells the Refinish Products to distributors that in turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

6. Body Shop is a body shop engaged in the business of refinishing and repainting automobiles, trucks, and other vehicles.

7. Partida is the owner, manager, and member of Body Shop.

## JURISDICTION AND VENUE

8. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between

**COMPLAINT AND DEMAND FOR JURY TRIAL**

the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendants are citizens of the State of California. Defendants are subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in California.

9. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Defendants are subject to the personal jurisdiction in this District.

10. Michigan substantive law governs BASF's claims per Paragraph 9 of the contract at issue (the "Requirements Agreement").

## GENERAL ALLEGATIONS

*The Terms of the Requirements Agreement*

11. On or about February 15, 2019, Defendants entered into the Requirements Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

12. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $610,000.00 in the aggregate of BASF Glasurit and RM Refinish Products at suggested refinish pricing ("Minimum Purchases").

13. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Body Shop $100,000.00 ("Contract Fulfillment Consideration") in consideration of Body Shop satisfying its obligations under the Requirements Agreement.

14. Pursuant to Paragraph 4 of the Requirements Agreement, BASF also made certain equipment ("Equipment") available to Body Shop for its use in conjunction with BASF Refinish Products.

15. Pursuant to Paragraphs 4 and 6 of the Requirements Agreement, the Equipment remained the property of BASF, and upon termination of the Requirements Agreement, Body Shop was to return the Equipment to BASF or repay the value of the Equipment to BASF within 30 days.

16. The current value of the Equipment is $24,052.50.

17. Pursuant to Paragraph 6 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Body Shop purchasing a minimum of $610,000.00 of BASF Refinish Products, Body Shop was required to refund the $100,000.00 Contract Fulfillment Consideration to BASF pursuant to the following schedule:

| Purchases | Contract Fulfillment Consideration and Equipment Value Refund |
| --- | --- |
| Less than 1/5th of Minimum Purchases | 110% |
| Less than 2/5th and greater than 1/5th of Minimum Purchases | 95% |
| Less than 3/5th and greater than 2/5th of Minimum Purchases | 75% |
| Less than 4/5th and greater than 3/5th of Minimum Purchases | 55% |
| Less than 5/5th and greater than 4/5th of Minimum Purchases | 35% |
| After 5/5th of Minimum Purchases | 0% |

18. Furthermore, as part of the Requirements Agreement, Partida signed an Owner's Personal Guaranty ("Personal Guaranty") by which he unconditionally guaranteed Body Shop's performance under the terms of the

Requirements Agreement, including but not limited to the repayment of the Contract Fulfillment Consideration to BASF.

### *Defendants' Breach of the Requirements Agreement*

19. In or about January 2020, Body Shop, without any legal justification, breached and ultimately terminated the Requirements Agreement by, among other things, ceasing to purchase BASF Refinish Products and instead purchasing a competitor's Refinish Products before fulfilling its Minimum Purchases requirement.

20. Since at least January 2020, Body Shop has failed and refused to purchase any BASF Refinish Products in violation of Paragraphs 1 and 2 of the Requirements Agreement.

21. Body Shop's breach occurred prior to purchasing a minimum of $610,000.00 of BASF Refinish Products. As of the date of Body Shop's breach, Body Shop had made $43,305.42 in purchases of BASF Refinish Products, leaving a purchase balance of $566,694.58 remaining due and owing on its Minimum Purchases requirement.

22. In violation of Paragraph 6 of the Requirements Agreement, Body Shop has failed and refused to refund BASF 110% of the $100,000.00 Contract Fulfillment Consideration, which is $110,000.00.

23. Also in violation of Paragraph 6 of the Requirements Agreement, Body Shop has failed and refused to return the Equipment to BASF or pay BASF $24,052.50 for the value of the Equipment.

24. Moreover, in breach of the Personal Guaranty in Paragraph 15 of the Requirements Agreement, Partida has failed and refused to refund 110% of the Contract Fulfillment Consideration ($110,000.00) to BASF, pay BASF the $566,694.58 balance of Body Shop's Minimum Purchases requirement, or pay BASF $24,052.50 for the value of the Equipment.

25. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

26. By letter dated May 9, 2022, a true and accurate copy of which is attached hereto as **Exhibit B**, BASF gave Defendants notice that Defendants were in default of their contractual obligations and demanded a refund of the Contract Fulfillment Consideration and return of or payment for the value of the Equipment. In addition, BASF notified Defendants that it would seek additional damages that it is entitled to if the matter progressed to litigation.

27. Despite the foregoing, Defendants have failed to satisfy their obligations under the terms of the Requirements Agreement.

## COUNT I

## Breach of Contract Against Body Shop

28. BASF incorporates by reference the allegations contained in the above paragraphs.

29. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Body Shop was required to fulfill one hundred percent of its requirements for Refinish Products up to the Minimum Purchases requirement of $610,000.00 in the aggregate of BASF Glasurit and RM Refinish Products at suggested refinish pricing.

30. Despite its obligations under the Requirements Agreement and in breach thereof, Body Shop only purchased $43,305.42 in BASF Refinish Products before breaching and terminating the Requirements Agreement and thus failed to meet the Minimum Purchases requirement under the Requirements Agreement or pay BASF the amounts due and owing thereunder.

31. Because of Body Shop's unjustified breach of the Requirements Agreement without legal excuse and, pursuant to Paragraph 6 of the Requirements

1  Agreement, Body Shop is obligated to repay to BASF 110% of the Contract
2  Fulfillment Consideration, which is $110,000.00.
3   32. Body Shop is also obligated under the Requirements Agreement
4  to repay BASF for the value of the Equipment, which is $24,052.50.
5   33. As of the date of the filing of this Complaint, as a direct and
6  proximate result of Body Shop's breach, Body Shop has damaged BASF under the
7  Requirements Agreement as follows:
8   a. $110,000.00 for refund of 110% of the Contract Fulfillment
9  Consideration;
10   b. The $566,694.58 balance of the $610,000.00 Minimum Purchases
11  requirement; and
12   c. $24,052.50 for the value of the Equipment.
13   34. BASF has performed and fulfilled all obligations and conditions
14  above and beyond what was required of it under the terms of the Requirements
15  Agreement. Body Shop's breaches of its obligations under the terms of the
16  Requirements Agreement have resulted in damage to BASF in an amount to be
17  determined at trial but not less than $700,747.08.
18  WHEREFORE, BASF demands judgment against Body Shop, awarding an
19  amount to be determined at trial, together with interest thereon, awarding costs,
20  counsel fees, and litigation expenses, and such other and further relief as the Court
21  may deem just and proper.

## COUNT II
### Breach of Contract Against Partida

26   35. BASF incorporates by reference the allegations contained in the
27  above paragraphs.

36. Pursuant to the terms of the Personal Guaranty in the Requirements Agreement, Partida personally guaranteed Body Shop's obligations to BASF under the Requirements Agreement, including but not limited to the return of the Contract Fulfillment Consideration.

37. Despite his obligations under the Personal Guaranty of the Requirements Agreement and in breach thereof, Partida has failed to pay BASF the amounts due from Body Shop under the Requirements Agreement.

38. As of the date of the filing of this Complaint, Partida has damaged BASF in the following amounts under the Requirements Agreement:

    a. $110,000.00 for 110% of the Contract Fulfillment Consideration;

    b. The $566,694.58 balance of the $610,000.00 Minimum Purchases requirement; and

    c. $24,052.50 for the value of the Equipment.

39. BASF has performed and fulfilled all obligations and conditions required of it under the terms of the Requirements Agreement. Nevertheless, Partida's breaches of his obligations under the terms of the Requirements Agreement have resulted in damage to BASF.

40. As a direct and proximate result of Partida's breaches of his obligations under the Requirements Agreement, BASF has suffered damages in an amount to be determined at trial but not than $700,747.08.

WHEREFORE, BASF demands judgment against Partida, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT III

**Unjust Enrichment Against All Defendants**

41. BASF incorporates by reference the allegations contained in the above paragraphs.

42. Through BASF's business relationship with Defendants, Defendants received the benefit of the $100,000.00 given by BASF in anticipation of the parties' continued business relationship.

43. Defendants terminated the parties' business relationship but have failed and refused to return $100,000.00 Contract Fulfillment Consideration to BASF despite BASF's demand for repayment.

44. Through BASF's business relationship with Defendants, Defendants also received the benefit of BASF's Equipment, which has a current value of $24,052.50, in anticipation of the parties' continued business relationship.

45. Defendants terminated the parties' business relationship but have failed and refused to return the Equipment to BASF or pay BASF for its value.

46. BASF expected remuneration in the sum of $100,000.00 for return of the Contract Fulfillment Consideration and return of the Equipment or payment for its value at the conclusion of the parties' business relationship. Defendants' failure to give remuneration in the amount of $100,000.00 or return or pay for the Equipment has unjustly enriched Defendants.

47. Permitting Defendants to retain the benefits of the unearned $100,000.00 given by BASF and the $24,052.50 value of the Equipment, when Defendants prematurely terminated its business relationship with BASF, would be inequitable and unjust to BASF.

48. By reason of the foregoing, Defendants have been unjustly enriched by $124,052.50, for which BASF is entitled to be compensated in full by Defendants together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendants, awarding an amount to be determined at trial, but not less than $124,052.50,

**COMPLAINT AND DEMAND FOR JURY TRIAL**

together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

## COUNT IV

### Declaratory Relief

49. BASF incorporates by reference the allegations contained in the above paragraphs.

50. BASF requests a judicial declaration of BASF's and Defendants' respective rights under the Requirements Agreement.

51. An actual dispute and justiciable controversy presently exists between BASF and Defendants concerning each party's rights and obligations under the Requirements Agreement. Defendants contend they have not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendants are in breach of the Requirements Agreement.

52. A judicial declaration is necessary to establish BASF's and Defendants' rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

### PRAYER FOR RELIEF

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendants as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $700,747.08, together with prejudgment interest;

b. Awarding BASF declaratory judgment that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

Dated: January 26, 2023

LEADER BERKON COLAO & SILVERSTEIN LLP

By: /s/ Bobbie R. Bailey
Bobbie R. Bailey, Esq.
Edward Martinovich, Esq.
Attorneys for Plaintiff
BASF Corporation
Email: bbailey@leaderberkon.com
          emartinovich@leaderberkon.com

- 11 -
**COMPLAINT AND DEMAND FOR JURY TRIAL**